UNITED STATES of America,
Plaintiff—Appellee,

v.

Rafael QUIROZ, aka Rafa,
Defendant—Appellant.

No. 01–10407.

D.C. No. CR–99–05060–REC–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided Feb. 27, 2003.

Before NOONAN, THOMAS, and
CLIFTON, Circuit Judges.

MEMORANDUM *

Appellant Rafael Quiroz was convicted of continuing criminal enterprise, 21 U.S.C. § 848, conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846, and with manufacturing of methamphetamine, 21 U.S.C. § 841(a)(1). He now appeals.

Quiroz first argues that the prosecutor impermissibly vouched for the credibility of Ernesto Plancarte. Government lawyers are prohibited from vouching for the veracity and credibility of their witnesses. Vouching may occur either when the prosecution places the prestige of the government behind the witness or implies that the prosecutor has outside knowledge supporting the witness's testimony. *United States v. Roberts*, 618 F.2d 530, 533 (9th Cir.1980). In determining whether a prosecutor has impermissibly vouched for a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

witness the court should consider all circumstances of the trial, *United States v. Rudberg*, 122 F.3d 1199, 1205 (9th Cir. 1997), and has been instructed to look at the factors in *United States v. Necoechea*, 986 F.2d 1273, 1278 (9th Cir.1993). Quiroz's counsel did not make any objections at trial, so this panel reviews the record for plain error. *United States v. Rudberg*, 122 F.3d 1199, 1206 (9th Cir.1997).

■ Quiroz now alleges six specific incidents of vouching stretching from the opening statement to the closing arguments. However, none of the statements taken individually or in combination amount to vouching. In this trial the prosecutor's case relied significantly on the testimony of Ernesto Plancarte, who testified pursuant to a plea agreement with the government. In presenting its case the government needed to squarely address Plancarte's plea agreement and his credibility. The prosecutor is permitted to discuss the nature of the plea agreement and is entitled to argue from reasonable inferences based on the evidence at trial. *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993). The prosecutor did not cross the line with any of her arguments.

■ Quiroz argues that the district court abused its discretion in denying the motion for mistrial after Detective Cortez's testimony. The denial of a motion for a mistrial is reviewed for an abuse of discretion. A mistrial should be granted when the testimony is so prejudicial that no instructions could cure the prejudice. *United States v. Escalante*, 637 F.2d 1197, 1203 (9th Cir.1980), *cert. denied*, 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980). Here, Cortez's alleged prejudicial statement was in response to an open-ended question from defense counsel and was immediately struck from the record. Additionally, the district court instructed the jury not to consider stricken testimony. *See United States v. Klein*, 546 F.2d 1259, 1263 (5th Cir.1977). Taking the general nature of Cortez's isolated statement and the steps the district court took to cure any potential prejudice, this panel cannot say that the trial judge abused his discretion in denying the motion for a mistrial.

Finally, Quiroz argues that the government failed to prove one single overarching conspiracy as charged in the indictment. "The issue of whether a single conspiracy has been proved is a question of the sufficiency of the evidence." *United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir.1999), *cert. denied*, 529 U.S. 1081, 120 S.Ct. 1706, 146 L.Ed.2d 509 (2000). In reviewing the sufficiency of the evidence on appeal, this panel views it in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ At trial the government provided evidence that Quiroz was affiliated and involved with methamphetamine distribution in northern and southern California over the entire course of the time charged. Quiroz argues the evidence proved at best, two separate conspiracies. However, the differences between the drug operations in northern and southern California are not enough to support the two-conspiracy argument. The government presented sufficient evidence for a jury to infer one large drug ring with two different bases of operations.

For the reasons stated Quiroz's conviction is AFFIRMED.